UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NICOLAS DIMAKOS,

        Plaintiff,

  -against-

NEW YORK POLICE DEPARTMENT, HOWARD SAFIR, NEW YORK POLICE COMMISSIONER, THE CITY OF NEW YORK, RUDOLPH GULIANI, MAYOR OF THE CITY OF NEW YORK,

        Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 97-CV-7043 (FB)(SMG)

*Appearances:*
*For the Plaintiff:*
CHARLES E. BERG, ESQ.
888 E. Jericho Turnpike
P.O. Box 2728
South Huntington, NY 11746

*For the Defendant:*
ANDREA FITZ, ESQ.
Corporation Counsel of the City of New York
100 Church Street, Room 2-108
New York, NY 10007-2601

JONATHAN MICHAEL BARDAVID, ESQ.
New York City Law Department
100 Church Street, Room 2-103
New York, NY 10007

**BLOCK, Senior District Judge:**

        Plaintiff Nicolas Dimakos ("Dimakos") filed suit against the New York City Police Department ("NYPD"), Howard Safir, New York City Police Commissioner, the City of New York, and Rudolf W. Giuliani, Mayor of the City of New York (collectively "Defendants"), alleging that the NYPD unlawfully retired him on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117, and

1

asserting myriad state law claims.[1] The Defendants move for summary judgment on, *inter alia*, the ground that Dimakos failed to file his ADA claim with the Equal Employment Opportunity Commission ("EEOC") within 300 days of his notice of retirement from the NYPD as required by 42 U.S.C. §§ 2000e-5(f) and 12117. As stated on the record in open court on November 21, 2006, and further explained below, because the Court agrees that Dimakos's claim was untimely, and that Dimakos is not entitled to equitable relief from the limitations period, the Court grants summary judgment on the ADA claim and declines to exercise supplemental jurisdiction over the state claims.

## I.

The following facts are undisputed: Dimakos, a former NYPD police officer who suffers from bi-polar disorder, was notified of his involuntary retirement as of August 10, 1993 when it was approved by the NYPD Medical Board; from that date Dimakos had 300 days to file his ADA claim with EEOC. When Dimakos finally filed with the EEOC on September 9, 1996, approximately 1125 days had passed.

On October 5, 1993, approximately 56 days after Dimakos had received notice of his retirement, the Department of Justice ("DOJ") received a letter from Dimakos asking for "a reply and an idea of what [he could] do legally to get [his] job back," Aff. of Andrea Fitz, Ex. W (October 5, 1993 Letter by Dimakos to DOJ); Dimakos never again contacted the

---

[1] Dimakos's state law claims consist of: Malicious conspiracy to cause discharge from employment, breach of express employment agreement, breach of the covenant of good faith and fair dealing, intentional interference with business relations, intentional infliction of emotion distress, negligent infliction of emotion distress, fraud and negligent misrepresentation.

2

DOJ; however, on July 27, 1995, 660 days later, the DOJ replied:

> We have reviewed your letter of inquiry concerning your employment with the New York Police Department. You asked for information concerning the Americans with Disabilities Act (ADA) and how the law may assist in helping you get your job back. ¶ With this letter, I have enclosed information on Title I of the ADA, . . . . Also enclosed is a reference to the EEOC District Office in your area. If you have any questions about the employment provisions of the law, please contact that agency.

*Id.*, Ex. X; *see also* Pl's Opp., Ex. 29.

On or about September 9, 1996, approximately 409 days after the DOJ's response, Dimakos filed a sworn complaint against the NYPD with the EEOC, commencing an investigation into his involuntary retirement. *See id.*, Ex. Z. The EEOC found no ADA violation, but issued Dimakos a right to sue letter, whereafter Dimakos commenced the present suit.

## II.

Before filing a complaint under the ADA in New York, a complainant must first file a discrimination claim with the EEOC within 300 days of the alleged unlawful employment practice. *See Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999); *see also* § 2000e-5(f) and 12117. The statute of limitations for ADA claims accrues at the time when the plaintiff "knew or had reason to know of the injury serving as the basis for his claim." *Harris*, 186 F.3d at 247; *see also Gill v. City of New York*, 2003 WL 941607, at *7 (S.D.N.Y. March 10, 2003) (Medical Board's recommendation considered the relevant event for notice purposes). While filing a timely complaint with the EEOC is a prerequisite to commencing

3

suit in federal court, it is not a jurisdictional requirement, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); rather, it is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* The Defendants asserted this defense in the present case.

Equitable tolling applies "in [ ] rare and exceptional circumstance[s]," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted), as where the plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass . . . . [;] where the court has led the plaintiff to believe that she had done all that was required of her . . . . ; where affirmative misconduct on the part of the defendant may have lulled [the] plaintiff into inaction . . . ; or where the claimant has received inadequate notice." *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11 (2d Cir. 1994).

"The principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dept. of Vet. Affairs*, 498 U.S. 89, 96 (1990). Moreover, "one who fails to act diligently throughout the period he seeks to toll cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (*per curiam*). The burden of proving that tolling should apply rests on the plaintiff. *See Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002).

4

## III.

Dimakos concedes that his EEOC complaint was untimely, but argues that equitable tolling excuses his late filing because: (1) he "asserted his rights in the wrong forum" within the statutory period by sending a letter to the DOJ, Pl. Opp. Mot. at 26; and (2) the DOJ's response "did not inform [him] that contact with the EEOC needed to be made within a specified time period or actually instruct him that if he did not contact the EEOC promptly, his rights would be affected." Id. at 27. These claims, addressed in turn, show neither extraordinary circumstances nor reasonable diligence, and are thus meritless.

### 1. *Dimakos's Letter to the DOJ*

Dimakos's letter to the DOJ did not toll the limitations period because it was a request for advice on how to get his job back with the NYPD, not a defective pleading. *See Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 81 (2d Cir. 2003) (unsworn letter to EEOC requesting information not a pleading). Additionally, Dimakos never pursued this inquiry and thus, failed to diligently pursue his claim as the doctrine of equitable tolling requires. *See Brown*, 466 U.S. at 151.

### 2. *The DOJ Response*

Even if the Court were to assume that the interval between Dimakos's October 5, 1993 inquiry to the DOJ and the DOJ's July 27, 1995 response was tolled, Dimakos still failed to diligently pursue the claim by waiting an additional 409 days before filing his EEOC complaint on September 9, 1996. *See id.* (noting that even if statutory period had been equitably tolled for a period, filing the complaint 84 days after the mistake was noticed was unreasonable). The DOJ's alleged failure to clarify the limitations period

5

in its letter does not cure this lengthy delay.[2] *See Economou v. Caldera*, 286 F.3d 144, 150 (2d Cir. 2002) (no equitable tolling where administrative agency informed plaintiff that he could file a complaint with two agencies but did not specify that choosing one over the other would preclude him from availing himself of the other forum).

Even if Dimakos proceeded under the assumption that a more generous limitations period applied, his doing so is "at best a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96 (1991) (plaintiff's failure to timely file not equitably excused despite being unaware that right to sue letter was received by lawyer's office, triggering the running of the limitations period); *see also Bethlemie v. New York City Health & Hosp. Corp.*, 2001 WL 863242, at *3 (S.D.N.Y. July 31, 2001) (*pro se* plaintiff alleged confusion regarding limitations period was insufficient to justify equitable tolling because confusion did not excuse failure to comply with actual requirements of statute).

---

[2] The DOJ's response refers to information enclosed with the letter concerning the filing of ADA claims with the EEOC. As Dimakos did not include this information as part of his motion, the Court can not conclude that the DOJ failed to impart the relevant filing information to Dimakos. *See Chapman*, 288 F.3d at 512 (burden of proving that tolling is appropriate rests on the plaintiff).

## CONCLUSION

Summary judgment as to the ADA claim is granted. Having disposed of the federal claim, the Court declines to exercise supplemental jurisdiction over the state claims. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (where, as here, all federal claims have been eliminated, concerns of "judicial economy, convenience, fairness and comity point towards declining to exercise jurisdiction over the remaining state-law claims"). Accordingly, the complaint is dismissed in its entirety, but dismissal of the state claims is not without prejudice.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
United States Senior District Judge

Dated: Brooklyn, New York
November 27, 2006